IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DNV GL AS and KEMA, Inc.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>KEMA Consulting, LLC,<br><br>　　　　　　　　Defendant. | §<br>§<br>§<br>§<br>§　Civil Action No. _____<br>§<br>§<br>§　Jury Demanded<br>§<br>§<br>§ |

# **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs DNV GL AS and KEMA, Inc. (collectively, "Plaintiffs") allege as follows for their Original Complaint against Defendant KEMA Consulting, LLC ("Defendant"):

## **PARTIES**

1.　Plaintiff DNV GL AS ("DNV") is a Norwegian registered limited company, with headquarters at Veritasveien 1, 1322 Høvik, Norway.

2.　Plaintiff KEMA, Inc. is a Virginia corporation, with headquarters at 1400 Ravello Drive, Katy, Texas 77449.

3.　Defendant is a Texas limited liability company.  Upon information and belief, Defendant's principal place of business is located in this judicial district at 2665 Villa Creek Drive, Suite A127, Dallas, TX 75234.

4.　Defendant may be served with process through its registered agent, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, TX 78717.

**JURISDICTION AND VENUE**

5.  This is an action based on trademark infringement and unfair competition under both the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act") and Texas common law.

6.  The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121 and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' claims under state law.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because it is where Defendant resides, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE FACTS**

*The KEMA Mark*

8.  DNV is the owner of the trademark and trade name KEMA (the "KEMA Mark").

9.  KEMA, Inc. is a licensee of the KEMA Mark.

10. The KEMA Mark first came into use in the 1920s when Keuring van Elektrotechnische Materialen te Arnhem – referred to as KEMA – was established as the Dutch electricity industry's Arnhem-based test house.  Over the years, KEMA expanded into an independent global company that provides a host of applied research and consultancy services via its international network of subsidiaries and agencies.

11. Among the services KEMA offered under the KEMA name is technical consulting.  KEMA has been offering technical consulting services under the KEMA name since at least as early as the 1990s.  KEMA has offered these services under the names "KEMA;" "KEMA Consulting, Inc.;" and "KEMA, Inc."

12. In 2011, DNV acquired KEMA. DNV and KEMA continue to use the KEMA Mark in connection with consulting services.

13. Originally an abbreviation of the company's full Dutch name, the KEMA Mark is now well-recognized, and became famous in this judicial district and throughout the country long before the Defendant's acts complained of herein.

14. Due to KEMA's and, later, DNV's usage and promotion of the KEMA Mark, that mark has become distinctive to designate KEMA's and, later, DNV's services, to distinguish these services from other services, and to distinguish the source or origin of these services.

15. As a result of KEMA's and, later, DNV's usage and promotion of the KEMA Mark, KEMA and DNV have developed valuable goodwill and common-law rights in the mark.

*Registration of the KEMA Mark*

16. DNV is the assignee of U.S. Registration Nos. 3,159,042 and 4,725,757 (collectively, the "KEMA Registrations") for use in, *inter alia*, technical consulting. These registrations are valid and enforceable. Copies of the certificates of registration for these registrations are attached hereto as Exhibits A and B and incorporated by reference.

17. U.S. Registration No. 3,159,042 is for the following mark:



18. U.S. Registration No. 4,725,757 is for the following mark:

# DNV KEMA

19. DNV's KEMA Registrations constitute *prima facie* evidence of DNV's exclusive right to use the marks on or in connection with the services specified in the respective registrations. In addition, the KEMA Registrations constitute constructive notice of DNV's claim of ownership of the KEMA trademarks.

*Defendant's Wrongful Activities*

20. On information and belief, in 2017, Defendant hired John Chowdhury to offer consulting services to Defendant's prospective clients.

21. Before joining Defendant, Chowdhury was a KEMA employee from 2008 to 2012. In his role at KEMA, John Chowdhury was responsible for offering consulting services to KEMA clients.

22. Also in 2017, Defendant began engaging in the sale of consulting services using the names "KEMA," "KEMA Consulting, LLC," and "KEMA Global."

23. Defendant promotes its business through a website at www.kemaconsulting.net and www.kemaglobal.com as well as on social media.

24. Defendant promotes, offers to sell and is selling its consulting services in commerce in the United States, including in this judicial district using the KEMA Mark.

25. Defendant purports to offer the "same experts you have trusted for many years" and the "same trusted services you have relied upon for many years." Additionally, Defendant has claimed that it "brought back the KEMA Consulting in America (including Latin America and Brazil) to provide high quality business and OT/IT consulting services to the utility industry."

26. These statements are designed to lead third parties to believe that Defendant is a successor of DNV's KEMA consulting business.

27. These statements have the effect of leading third parties to believe that Defendant is a successor of DNV's KEMA consulting business.

28. Plaintiffs are not affiliated in any way with Defendant.

29. Defendant does not have a license to use any DNV trademark, including the KEMA Mark.

30. Defendant's use of "KEMA" in offering its services is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs.

31. Defendant's use of "KEMA" in offering its services is likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiffs.

32. Defendant's uses of the KEMA Mark in commerce are without the permission or authority of Plaintiffs.

33. On information and belief, at the time that it began using "KEMA" in connection with offering its consulting services, Defendant was aware of DNV's KEMA Mark and Plaintiffs' use of the mark in connection with offering consulting services.

34. Despite receiving multiple letters and phone calls objecting to Defendant's use of the KEMA Mark and misleading statements, Defendant has refused to cease its infringing activities.

35. On information and belief, Defendant is intentionally misleading the public as to Defendant's affiliation with Plaintiffs and Plaintiffs' consulting business.

36. Defendant's activities have caused irreparable injury to Plaintiffs and to the public and, unless restrained by this Court, will continue to cause irreparable injury to Plaintiffs and to the public. There is no adequate remedy at law for this injury.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

37. Plaintiffs incorporate herein each of the allegations above.

38. The acts of the Defendant complained of herein constitute infringement of DNV's federally registered marks in violation of 15 U.S.C. § 1114(1).

39. Upon information and belief, the Defendant's acts complained of herein have been intentional and with disregard for Plaintiffs' rights in the registered marks and the confusion of consumers, and with an intent to trade on the goodwill associated with those marks. In view of the nature of the Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION

40. Plaintiffs incorporate herein each of the allegations above.

41. The acts of the Defendant complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Upon information and belief, the Defendant's acts complained of herein have been intentional and with disregard for Plaintiffs' rights in the registered marks and the confusion of consumers, and with an intent to trade on the goodwill associated with those marks. In view of the nature of the Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT III: FEDERAL TRADEMARK DILUTION

43. Plaintiffs incorporate herein each of the allegations above.

44. The acts of the Defendant complained of herein constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. Upon information and belief, the Defendant's acts complained of herein have been intentional and with disregard for Plaintiffs' rights in the registered marks and the confusion of consumers, and with an intent to trade on the goodwill associated with those marks. In view of the nature of the Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT III: TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW

46. Plaintiffs incorporate herein each of the allegations above.

47. The acts of the Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT IV: UNFAIR COMPETITION UNDER TEXAS COMMON LAW

48. Plaintiffs incorporate herein each of the allegations above.

49. The acts of the Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### JURY DEMAND

50. Plaintiffs demand a trial by jury on all issues.

**PRAYER FOR RELIEF**

51.     WHEREFORE, Plaintiffs respectfully requests that this Court:

(a)     Enter judgment in Plaintiffs' favor;

(b)     Preliminarily enjoin Defendant, its affiliates, subsidiaries, related companies, and all those acting in concert or participation with Defendant from:

(i)     using any trade name, trademark, service mark, advertising, Internet web page, domain name, signage or any materials which depict, contain, or consist of any name or mark confusingly similar to the KEMA Mark or likely to dilute its distinctive quality; and

(ii)     committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe DNV's trademark rights in the KEMA Mark, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of the Defendant by, with or from KEMA;

(c)     Permanently enjoin Defendant, its affiliates, subsidiaries, related companies, and all those acting in concert or participation with Defendant from:

(i)     using any trade name, trademark, service mark, advertising, Internet web page, domain name, signage or any materials which depict, contain, or consist of any name or mark confusingly similar to the KEMA Mark or likely to dilute its distinctive quality; and

committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe DNV's trademark rights in the KEMA Mark, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of the Defendant by, with or from KEMA;

(d)     Order Defendant, within 30 days after entry and service of the injunction containing provisions (a)-(b) above, to transfer to Plaintiffs all domain names which contain "KEMA" or a phonetic equivalent of the KEMA Mark.

(e)     Order an accounting be directed to determine the profits of the Defendant resulting from the activities complained of herein, and award such profits to Plaintiffs, increased as the Court finds to be just under the circumstances of this case;

(f)     Award Plaintiffs the value of any benefit and unjust enrichment obtained at Plaintiffs' expense from the Defendant's wrongful actions;

(g)     Award Plaintiffs compensatory and punitive damages;

(h)     Find that this case is an exceptional case under 15 U.S.C. § 1117 and award Plaintiffs their attorneys' fees;

(i)     Award Plaintiffs prejudgment and post-judgment interest; and

(j)     Grant all other relief to which Plaintiffs are entitled.

Date:  August 29, 2017

Respectfully submitted,

By     /s/ *Charles B. Walker, Jr.*
Charles B. Walker Jr.
*Attorney-in-charge*
Texas Bar No. 00794808
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246
charles.walker@nortonrosefulbright.com

*Attorney for Plaintiffs.*